IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD BINKLEY, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:19-cv-00546 |
| | § | |
| | § | |
| | § | |
| | § | |
| ROCKY CLIFF CARRIERS, L.L.C.; | § | |
| RHONDA SCOTT, INDIVIDUALLY; and | § | |
| LEON SCOTT, INDIVIDUALLY | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF RICHARD BINKLEY ("Mr. Binkley"), by and through his undersigned attorneys of record, and files this, his Original Complaint against ROCKY CLIFF CARRIERS, L.L.C. ("Rocky Cliff"), RHONDA SCOTT ("Mrs. Scott") and LEON SCOTT ("Mr. Scott") (collectively referred to as "Defendants").  For cause of action, Plaintiff would show unto the Court the following:

## I.
## THE PARTIES

1.     PLAINTIFF RICHARD BINKLEY is a Texas resident living at 536 Riviera Drive, Canyon Lake, Comal County, Texas 78133.

2.     DEFENDANT ROCKY CLIFF CARRIERS, L.L.C. is a limited liability company located in the State of Colorado, is engaged in interstate commerce, and maintains more than minimum contacts with the State of Texas.  Rocky Cliff may be served with summons on its registered agent, Isaiah D. Scott, 6021 S. Pennsylvania Street, Centennial, Colorado, 80121.

3.      DEFENDANT RHONDA SCOTT ("Mrs. Scott") is a citizen of the United States and a Colorado resident living at 6021 S. Pennsylvania Street, Centennial, Colorado, 80121, where service of process can be perfected.  Ms. Scott co-owns Rocky Cliff.  At all relevant times hereto, Ms. Scott exercised supervisory authority over Mr. Binkley and possessed the authority to act, directly or indirectly, in the interests of Rocky Cliff.  More specifically, Mrs. Scott retained the final authority to hire and fire, she retained the final authority to supervise and control work schedules, she retained the final authority to determine rates and method of payments, and she maintained employment records.

4.      DEFENDANT LEON SCOTT ("Mr. Scott") is a citizen of the United States and a Colorado resident living at 6021 S. Pennsylvania Street, Centennial, Colorado, 80121, where service of process can be perfected.  Mr. Scott is a co-owner of Rocky Cliff.  At all relevant times hereto, Mr. Scott exercised supervisory authority over Mr. Binkley and possessed the authority to act, directly or indirectly, in the interests of Rocky Cliff.  More specifically, Mr. Scott retained the final authority to hire and fire, he retained the final authority to supervise and control work schedules, he retained the final authority to determine rates and method of payments, and he maintained employment records.

5.      At all relevant times hereto, Mr. Binkley was an employee of Defendants, as defined by and within the meaning of 29 U.S.C. § 203(e)(1).

6.      At all relevant times hereto, Defendants employed Mr. Binkley, as defined by and within the meaning of 29 U.S.C. § 203(d).

7.      Defendants employed Mr. Binkley in commerce or in the production of goods for commerce, and had him handling, selling, or otherwise working on goods or materials that have

been moved in or produced for commerce by any person.

8.      Rocky Cliff, generated annual gross value of sales made or business done of not less than $500,000.00.

9.      Defendants' business or businesses were organized under unified operation or common control, employed at least two persons engaged in commerce or the production of goods for commerce, and had annual gross sales of at least $500,000.

## II.
## JURISDICTION

10.     Mr. Binkley asserts claims against Defendants pursuant to the Fair Labor Standards Act (hereinafter "FLSA") thereby invoking the federal question jurisdiction conferred upon this Court pursuant to 28 U.S.C. § 1331.

## III.
## VENUE

11.     Because the acts and omissions forming the basis of this suit occurred in Comal County, Texas, venue is appropriate in the San Antonio Division of the Western District of Texas.

## IV.
## STATEMENT OF FACTS

12.     In April 2017, Defendants retained Mr. Binkley to ostensibly work as an independent contractor to serve as a dispatcher for Defendants' interstate trucking operations. The parties agreed that Mr. Binkley would work from his home in Canyon Lake, Texas using remote electronic technology, including use of a virtual private network and remote desktop software to dispatch truckers to business locations across the United States.  From time to time, Mr. Binkley would travel to Colorado in furtherance of his job duties and responsibilities.  Over

time, Defendants assigned other clerical tasks to Mr. Binkley, such as paying invoices and buying office supplies.  Defendants paid Mr. Binkley as an independent contractor using the Internal Revenue Service 1099 form thereby forcing Mr. Binkley to pay self-employment taxes.

13.    Mr. Binkley's job duties and responsibilities required that he work a virtual twenty-four hour schedule dispatching assignments around the clock, morning, noon, and night. Defendants required that Mr. Binkley make himself available "on call" twenty-four hours a day, seven days a week, by cellular telephone and via electronic mail.  Mr. Binkley was severely restricted from engaging in any personal activities because of this job requirement.  Mr. Binkley was severely restricted in his ability to leave his home, which served as a remote workstation because of this job requirement.  Defendants and the truckers he dispatched were in near-constant communication with Mr. Binkley with a high degree of frequency.  Mr. Binkley did not have the option of trading his on-call responsibilities with any other person.  In a typical twenty-four hour period, Mr. Binkley would receive approximately 150–200 cellular phone calls, text messages, and electronic mail.  He was forced to work weekends and many holidays in order to meet the job requirements and the Defendants' demands.

14.    By and through his Original Complaint, Mr. Binkley pleads that Defendants, jointly and severally, retained the exclusive right to hire and fire him, the exclusive right to set the rules and regulations of his work, the exclusive right to designate his supervisors and other individuals to whom he was required to report, and the exclusive right to wrongly classify Mr. Binkley as an independent contractor and not an employee.  Defendants, jointly and severally, maintained a common law employer-employee relationship with Mr. Binkley.

15.    By and through his Original Complaint, Mr. Binkley pleads that Defendants,

jointly and severally, limited the initiative and discretion that he could exercise, directed that he work under the close supervision of supervisors, required that he command basic skills set to perform the essential functions of his job duties and responsibilities, furnished equipment such as computers, cell phones, directed that he work from home, continuously employed him, controlled the manner in which they paid him in regular payroll, retained the exclusive authority to terminate him without notice or explanation, retained the exclusive authority to grant or deny Mr. Binkley's requests for leave or time off, and retained the exclusive authority to define whether his work was integral to their enterprise.  As a matter of "economic reality," Defendants, jointly and severally, employed Mr. Binkley as an employee and not as an independent contractor.

16.     Defendants, jointly and severally, exercised substantial control over Mr. Binkley's job duties and responsibilities including, but limited to, defining the geographic areas in which he could work, defining the class of truckers he could communicate with, and prohibited him from working for competitors.

17.     Because of the job duties and responsibilities Defendants imposed on Mr. Binkley, and the on-call status they required of him, he frequently worked numerous hours well in excess of forty (40) hours per week.

18.     Despite the heavy workload and excessive overtime hours that Mr. Binkley worked, Defendants did not keep or maintain any time records, time sheets, punch cards, or other documents verifying the hours he worked.

19.     By and through his Original Complaint, Mr. Binkley pleads that Defendants treated him as a *de jure* independent contractor.

20.     By and through his Original Complaint, Mr. Binkley pleads that he was, as a matter of "economic reality," a *de facto* employee entitled to the protections afforded by the FLSA, including minimum and overtime wage compensation.

21.     Defendants terminated Mr. Binkley on May 8, 2019.

**V.**
**- COUNT ONE -**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

22.     The FLSA provides, *inter alia*, that all employees are entitled to a minimum wage for the first forty hours worked in a workweek.  The FLSA also provides that all employees are entitled to overtime pay, at a rate not less than one-half times the regular rate, for all hours worked in excess of forty hours in a workweek.

23.     By and through his Original Complaint, Mr. Binkley pleads that, although Defendants ostensibly contracted with him as an "independent contractor," he was, as a matter of "economic reality," a *bona fide* employee entitled to the full protections of the FLSA, including overtime compensation for all hours worked more than forty in each workweek.  More specifically, Mr. Binkley contends that Defendants retained the final authority to hire and fire, that Defendants retained the final authority to supervise and control his work schedule, that Defendants retained the final authority to determine his rates and method of payments, and that Defendants maintained employment records.

24.     By and through his Original Complaint, Mr. Binkley contends that Defendants did not employ him in a *bona fide* executive, professional, or administrative capacity.

25.     By and through his Original Complaint, Mr. Binkley contends that he is not otherwise exempt from the FLSA.

26.     By and through his Original Complaint, Mr. Binkley contends that Defendants failed to pay significant amounts of overtime compensation for hours he worked beyond forty per week, in violation of the FLSA.

27.     By and through his Original Complaint, Mr. Binkley contends that Defendants failed to make, keep and preserve records documenting his hours worked and wages due.

28.     By and through his Original Complaint, Mr. Binkley contends that Defendants' failure to pay him was a willful and intentional violation of the FLSA.  More specifically, he contends that Defendants failed to act in good faith and did not reasonably believe that he was an independent contractor or exempt employee.

29.     By and through his Original Complaint, Mr. Binkley contends that Defendants' willful and intentional violations constitute "continuing violations" of the FLSA, thereby extending the applicable statute of limitations from two to three years.  Further, he invokes all statutory and judicial expansions of the applicable statute of limitations under Ledbetter v. Goodyear Tire & Rubber Co.

30.     By and through his Original Complaint, Mr. Binkley requests that the Court assess liquidated damages in an amount equal to the regular and overtime wages due and owing by Defendants to him because they willfully and intentionally violated the FLSA.

31.     Mr. Binkley was compelled to employ the undersigned attorneys to prosecute his claims to judgment.  Accordingly, he seeks to recover reasonable and necessary attorney's fees and taxable costs of court.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RICHARD BINKLEY, prays that, upon final trial on the merits, he recover judgment against DEFENDANTS ROCKY CLIFF

CARRIERS LLC, RHONDA SCOTT and LEON SCOTT, said judgment entitling him to:

1.      Compensation for all damages suffered by Mr. Binkley, including, but not limited to, unpaid regular and overtime wages, and other compensation to be determined upon inquest;

2.      All statutory remedies available under the FLSA;

3.      Equitable remedies including, but not limited to reimbursement for all self-employment taxes Mr. Binkley paid as a result of Defendants wrongfully classifying him as an independent contractor, estoppel, restitution, the imposition of constructive trusts, disgorgement of ill-gotten gains, and all available injunctive relief;

4.      Liquidated damages to be determined upon inquest;

5.      Reasonable and necessary attorney's fees;

6.      Taxable costs of court;

7.      Pre-judgment and post-judgment interest at the maximum rate permitted by law;

8.      All taxable costs of court expended in this lawsuit; and

9.      Such other and further relief, either at law or equity, to which he may be justly entitled.

Respectfully submitted,

SÁNCHEZ & WILSON, P.L.L.C.
MARK ANTHONY SÁNCHEZ, ESQ.
6243 IH 10 West, Suite 1025
San Antonio, Texas 78201
(210) 222-8899
(210) 222-9526 (Telecopier)
ATTORNEYS FOR PLAINTIFF


By: /s/ Mark Anthony Sánchez_____
      MARK ANTHONY SÁNCHEZ, ESQ.
      TEXAS STATE BAR NO. 00795857

G:\My Files\1-Sanchez\Binkley, Richard\Complaint - Original.doc